UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-23959-CIV-ALTONAGA

**GILBERTO MILLO MILO**,

        Petitioner,

v.

**WARDEN, KROME NORTH
SERVICE PROCESSING
CENTER**, *et al.*,

        Respondents.

_____/

## ORDER

**THIS CAUSE** came before the Court on *pro se* Petitioner, Gilberto Millo Milo's Petition for Writ of Habeas Corpus Under 28 U.S.C. [Section] 2241 [ECF No. 1]. Petitioner challenges his detention at the Krome North Service Processing Center ("Krome") in Miami, Florida. (*See generally* Pet.). Respondents filed a Response [ECF No. 9]; to which Petitioner filed a Reply [ECF No. 10]. After briefing concluded, Petitioner retained counsel and filed a Motion for Immediate Release ("Motion") [ECF No. 12].[1] The Court has considered the parties' written submissions, the record, and applicable law. For the following reasons, the Petition is denied.

## I. BACKGROUND

***Immigration Case.*** Petitioner is a native and citizen of Cuba who entered the United States without inspection on February 18, 2022, near San Luis, Arizona. (*See* Resp. 2; *id.*, Ex. 1, Form I-213 R. of Deportable/Inadmissible Alien ("Form I-213") [ECF No. 9-1] 2).[2] On February 24,

---

[1] The Motion restates factual and legal arguments from the Petition and is therefore a duplicative filing.

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

2022, U.S. Customs and Border Protection ("CBP") served Petitioner with a Notice to Appear ("NTA") charging him with inadmissibility under section 212(a)(6)(A)(i) of the Immigration and Nationality Act. (*See* Resp. 2; *id.*, Ex. 2, Notice to Appear [ECF No. 9-2] 1–2). Petitioner was released on his own recognizance the next day. (*See* Resp., Ex. 3, Decl. of Deportation Officer Ricardo Herrero ("Herrero Decl.") [ECF No. 9-3] ¶ 9). On April 30, 2022, CBP initiated removal proceedings by filing the NTA with the Executive Office for Immigration Review. (*See* Resp. 2; Herrero Decl. ¶ 10).

On March 16, 2023, Petitioner was arrested in Doral, Florida for third-degree grand theft; those charges were dropped on April 14, 2023. (*See* Resp. 2; Herrero Decl. ¶¶ 11–12). On January 5, 2025, Petitioner was arrested in Charlotte County, Florida, for possession of drug paraphernalia. (*See* Resp. 2; Form I-213 2). Petitioner pled no contest to petit theft and was sentenced to 40 days in the county jail. (*See* Herrero Decl. ¶ 13). After his release on May 20, 2025, Enforcement and Removal Operations placed Petitioner in the custody of U.S. Immigration and Customs Enforcement ("ICE"). (*See* Resp. 2; Form I-213 2).

On January 29, 2026, an Immigration Judge ("IJ") rendered an oral decision ordering Petitioner removed; the IJ issued a written summary of that decision on January 30, 2026 ("Order of Removal"). (*See* Resp., Ex. 4, Order of the IJ [ECF No. 9-4] 1, 4). The U.S. Department of Homeland Security waived appeal, but Petitioner reserved the right to appeal by March 2, 2026. (Order of the IJ 4). Petitioner did not file an appeal by the deadline. (*See* Resp. 3; Herrero Decl. ¶ 17).

On May 9, 2026, ICE transferred Petitioner to Krome in Miami, Florida. (*See* Resp., Ex. 5, Detention History [ECF No. 9-5] 1). On June 24, 2026, ICE transferred him to the Alexandria Staging Facility in Louisiana; and on June 29, 2026, to the Adams County Correctional Center in

Mississippi.  (*See* Detention History 1.; *see also* Herrero Decl. ¶¶ 18-20).  ICE subsequently transferred Petitioner back to Krome, where he remains in custody pending execution of his Order of Removal.  (*See* Mot. ¶ 43–44).[3]

**The Petition.**  On May 30, 2026,[4] Petitioner filed the Petition which, construed liberally, raises a single claim for relief.  (*See generally* Pet.); *see also Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) ("[The Court] construe[s] *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." (alterations added; citation omitted)).  Petitioner alleges that his detention is prolonged and unconstitutional under the Fifth Amendment's Due Process Clause and violates 8 U.S.C. section 1231(a)(6).  (*See* Pet. 6).  To calculate the length of his detention, Petitioner concludes that his removal period began on January 29, 2026.[5]  (*See id.* 7).  He also argues that the Court should consider the applicability of his pre-final-order detention, dating back to May 20, 2025.  (*See id.*).  He seeks immediate release from ICE custody.  (*See* Pet. 7; *id.*, Ex. 1, Mem. of Law ("Mem.") [ECF No. 1-1] 16).

---

[3] The Court takes judicial notice of Petitioner's current location at Krome.  *See* ICE Online Detainee Locator System, ICE, https://locator.ice.gov/odls/#/details (last visited Aug. 4, 2026) (A#: 240-283-369; Country of Birth: Cuba); *see also Ryzhov v. Mayorkas*, 634 F. Supp. 3d 1107, 1111–12 (S.D. Fla. 2022) ("Several district courts within the Eleventh Circuit have taken judicial notice of USCIS decisions and other information readily available on the websites of government agencies, finding such information was not subject to reasonable dispute and was capable of accurate and ready determination" (collecting cases)).

[4] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."  *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted).  "Absent evidence to the contrary, [the Court assumes] that a prisoner delivered a filing to prison authorities on the date that he signed it."  *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (alteration added; citation omitted).

[5] Petitioner relies on the same conclusion in his Motion, arguing that his "removal order . . . became administratively final on January 29, 2026," placing his detention beyond the presumptively reasonable six-month period. (Mot. ¶ 1).  As explained below, the Order of Removal did not become administratively final until March 3, 2026, when his time to appeal the Order expired.  Measured from that date, Petitioner's detention remains within the presumptively reasonable six-month period.

## II.  LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus.  *See* 28 U.S.C. § 2241(a).  Habeas corpus is fundamentally "a remedy for unlawful executive detention."  *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted).  A writ may be issued to a petitioner who demonstrates he is being held in custody in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).   The Court's jurisdiction extends to challenges involving immigration-related detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.  DISCUSSION

Petitioner argues that his detention is unconstitutionally prolonged, in violation of 8 U.S.C. § 1231(a)(6), the Fifth Amendment, and the Supreme Court's decision in *Zadvydas*; and that Respondent therefore bears the burden of proving that his removal is reasonably foreseeable. (*See* Pet. 7; Mem. 9).  According to Respondents, Petitioner's claim is premature, because his detention does not exceed the presumptively reasonable six months permitted under *Zadvydas*. (*See* Resp. 1).  The Court agrees with Respondents and determines that Petitioner's length of detention is presumptively reasonable. *See Zadvydas*, 533 U.S. at 701.

***Presumptive Reasonableness.***  Section 1231 states that the removal period begins on "[t]he date the order of removal becomes administratively final."  8 U.S.C. § 1231(a)(1)(B)(i).  An IJ's removal order becomes final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time[.]"  8 C.F.R. § 1241.1(c) (alterations added); *see also Lopez-Portillo v. U.S. Att'y Gen.*, No. 20-13389, 2021 WL 3161811, at *2 (11th Cir. July 27, 2021) ("An order of removal becomes final when the BIA affirms it or when the time to appeal it expires, whichever is earlier." (citations omitted)).

Petitioner's removal period therefore did not begin when ICE first detained him on May 20, 2025, or when the IJ announced the removal decision on January 29, 2026. (*See* Resp. 2; Order of the IJ 4). Rather, Petitioner reserved his right to appeal, automatically staying the finality of the Order of Removal. (*See* Order of the IJ 4); *see also* 8 C.F.R. § 1003.6(a) (prohibiting the government from executing an order of removal "during the time allowed for the filing of an appeal unless a waiver of the right to appeal is filed"). The removal period began only after "expiration of the time allotted for [his] appeal[,]" on March 3, 2026.[6] 8 C.F.R. § 1241.1(c) (alterations added).

Having determined the commencement date of the removal period, the Court concludes the Petition is premature. In *Zadvydas*, the Supreme Court concluded that detention under section 1231 is "presumptively reasonable" for a period of 180 days. *Zadvydas*, 533 U.S. at 701; *see also Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (concluding a petitioner must have been detained for more than 180 days "at the time [the section] 2241 petition was filed in order to state a claim under *Zadvydas*" (alterations added; footnote call number omitted)).

Petitioner filed the Petition on May 30, 2026, fewer than 180 days after the removal period began on March 3, 2026. (*See* Pet. 8). Petitioner thus had not been detained under section 1231 for more than 180 days when he commenced this action, and his detention did not contravene *Zadvydas*. Petitioner tries to prolong the duration of his removal-period detention by counting his pre-final-order detention beginning on May 20, 2025, but he cannot do so. (*See* Mem. 1). The 180-day period in *Zadvydas* begins with the removal period, not with pre-final-order immigration custody. *See Akinwale*, 287 F.3d at 1052 n.3 ("[The] presumptively reasonable '6–month period' . . . commences at the beginning of the removal period." (alterations added; citation omitted)).

---

[6] Respondents state that the Order of Removal became final on March 2, 2026. (*See* Resp. 3). But March 2, 2026, was the final day Petitioner could appeal, so the Order of Removal remained nonfinal and automatically stayed through that day. *See* 8 C.F.R. §§ 1003.6(a), 1003.39, 1241.1(c).

CASE NO. 26-23959-CIV-ALTONAGA

Because the threshold six-month period had not elapsed, Petitioner cannot state a claim under *Zadvydas* and the Court need not consider Petitioner's assertions that there is no significant likelihood of removal in the reasonably foreseeable future. *See Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1313–14 (11th Cir. 2019) (holding that a petitioner may "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" only after the six-month period has elapsed (alteration added; citation omitted)).

### IV.  CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner, Gilberto Millo Milo's Petition for Writ of Habeas Corpus Under 28 U.S.C. [Section] 2241 **[ECF No. 1]** and Motion for Immediate Release **[ECF No. 12]** are **DENIED**.   Judgment will be entered by separate order.  The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 5th day of August, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record
        Petitioner, *pro se*